KELLIE LERNER (*pro hac vice*)
ELLISON A. SNIDER (*pro hac vice*)
BENJAMIN B. ALLEN (*pro hac vice*)
**SHINDER CANTOR LERNER LLP**
14 Penn Plaza, Suite 1900
New York, NY 10122
Telephone: (646) 960-8601
kellie@scl-llp.com
esnider@scl-llp.com
ballen@scl-llp.com

J. WYATT FORE (*pro hac vice*)
**SHINDER CANTOR LERNER LLP**
600 14th Street, NW
Washington, D.C. 20005
Telephone: (646) 960-8632
wyatt@scl-llp.com

DAVID C. BROWNSTEIN (SBN: 141929)
DAVID GOLDSTEIN (SBN: 142334)
**FARMER BROWNSTEIN JAEGER
GOLDSTEIN SIEGEL & SHEPARD LLP**
155 Montgomery Street, Suite 301
San Francisco, CA 94104-2733
Telephone: (415) 962-2873
dbrownstein@fbjgss.com
dgoldstein@fbjgss.com

CHARLES J. LADUCA (*pro hac vice*)
N. SLADE BOND II (*pro hac vice*)
**CUNEO GILBERT
FLANNERY & LADUCA, LLP**
2445 M Street, NW Suite 740
Washington, D.C. 20037
Telephone: (202) 789-3960
sbond@cuneolaw.com

SARAH ROONEY (*pro hac vice*)
**CUNEO GILBERT
FLANNERY & LADUCA, LLP**
8705 Colesville Road
B. 133
Silver Spring, MD 20910
Telephone: (301) 518-7428
srooney@cuneolaw.com

MATTHEW J. PLATKIN (*pro hac vice*)
AARON HAIER (*pro hac vice*)
**PLATKIN LLP**
413 Washington Avenue, Unit 174
Belleville, NJ 07109
Telephone: (973) 561-1951
mplatkin@platkinllp.com
ahaier@platkinllp.com

*Attorneys for Plaintiffs
the Writers Guild of America, West, Inc., and
the Writers Guild of America East, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WRITERS GUILD OF AMERICA, WEST, INC., and WRITERS GUILD OF AMERICA EAST, INC., | Case No.  4:26-cv-07212 |
| Plaintiffs, | **PLAINTIFFS' CIVIL L.R. 7-11 ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |
| vs. | |
| PARAMOUNT SKYDANCE CORPORATION, and WARNER BROS. DISCOVERY, INC., | |
| Defendants. | |

## I.    INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5 of the United States District Court for the Northern District of California, Plaintiffs the Writers Guild of America, West, Inc. and the Writers Guild of America East, Inc. (collectively, "Plaintiffs") respectfully submit this Administrative Motion to File Under Seal portions of the Declaration of Dr. Eric R. Emch in Support of Plaintiffs' Motion for a Preliminary Injunction ("Emch Decl.").

The Emch Decl. contains two kinds of information for which there are compelling reasons to maintain under seal: (1) data related to the confidential earning information of Plaintiffs' members; and (2) excerpts from Plaintiffs' responses to civil investigative demands issued by the U.S. Department of Justice as part of their investigation of the merger between Paramount Skydance Corporation and Warner Bros. Discovery, Inc ("Spec Responses"). If publicly disclosed, this information would harm the Plaintiffs and their members in multiple ways, including by undermining Plaintiffs' collective bargaining efforts and members' own negotiations to offer writing services. It also risks harming the privacy interest of Plaintiffs' members.

## II.    LEGAL STANDARD

Civil Local Rule 79-5 enables Courts in this district to seal documents containing sensitive and confidential materials. *See* Civil L.R. 79-5(b). Because while there is a common law right of public access to judicial proceedings, that right is "not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). The presumption of public access to court records may be overcome in favor of sealing records when a party articulates "a compelling reason" that outweighs public interest in disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092, 1096 (9th Cir. 2016) (citing *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006)). Under this stringent standard, a court may seal records only when it "articulate[s] the factual basis for its ruling" and does not "rely[] on hypothesis or conjecture." *Kamakana*, 447 F.3d at 1179. The court must then "conscientiously balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* (quoting *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

**III.    ARGUMENT**

There are compelling reasons to seal limited portions of the Emch Decl. because the filing would otherwise reveal Plaintiffs' confidential and sensitive information.

**A.    Compensation Data**

The compensation and earnings information Plaintiffs seek to redact consists of (1) the average reported quarterly earnings for film screenwriters with and without a big-budget movie job; (2) the average reported quarterly earnings for film screenwriters by various categories of film production budget; and (3) the total and average annual earnings of film screenwriters with WGA-covered big-budget movie jobs before and after the 2019 Disney-Fox merger. Declaration of Laura Blum-Smith in Support of Plaintiffs' Civil L.R. 7-11 Administrative Motion to File Under Seal ("Blum-Smith Decl.") ¶ 2. As labor unions, disclosure of this sensitive information would compromise Plaintiffs' collective bargaining strategy and otherwise erode union members' (screenwriters') competitive position in the labor markets for writing services in the film industry. Blum-Smith Decl. ¶ 3.

Making this data publicly available also risks exposing confidential, individually negotiated earnings information that could subject individual members to retaliation or targeted pressure. *Id.* ¶ 4. Though these data are aggregated, this information pertains to a small and well-known set of screenwriters. *Id.* There is therefore a risk that, combined with other information available, individual compensation could be discerned from these portions of the Emch Decl. *Id.* Disclosure of the information, even in the aggregate, would also cause competitive harm to screenwriters, as it would further the informal practice of "benchmarking" in the industry—in other words, using past pay data to suppress future writer compensation. *Id.* ¶ 5; Compl. ¶ 208.

For these reasons, there is a compelling interest in protecting these confidential compensation data. This information is the equivalent of a business's internal pricing or strategy documents—confidential and sensitive materials core to the entity's success that courts regularly seal. *Prescott v. Reckitt Benckiser LLC*, 2022 U.S. Dist. LEXIS 51488, at *2 (N.D. Cal. Mar. 22, 2022) (finding compelling reasons to seal "internal business strategies and communications," and

"confidential financial information"); *In re Google Location Hist. Litig.*, 514 F. Supp. 3d 1147, 1162 (N.D. Cal. 2021) ("Compelling reasons may exist to seal trade secrets, marketing strategies, product development plans, detailed product-specific financial information, customer information, internal reports[.]" (quotations omitted)). Courts also regularly seal confidential information specifically regarding "salary, talent fees, bonuses, [and] benefits." *Napear v. Bonneville Int'l Corp.*, 2025 U.S. Dist. LEXIS 61375, *11–12 (E.D. Cal. Mar. 31, 2025) (collecting cases from California federal district courts).

In addition, revealing this confidential earnings data would risk harming the privacy interests of Plaintiffs' members. As discussed above, disclosing these data could provide the means to calculate compensation for particular individuals. Courts recognize that there is a compelling interest in sealing such information. *Pryor v. City of Clearlake*, 2012 U.S. Dist. LEXIS 112246, *13 (N.D. Cal. Aug. 9, 2012); *see also Midwest Motor Supply Co. v. Nietsch*, 2025 U.S. Dist. LEXIS 205118, *5 (S.D.N.Y. Oct. 17, 2025) (disclosure of salary information "could . . . harm a [person's] privacy rights." (quoting *Tera II LLC v. Rice Drilling D, LLC*, 2023 U.S. Dist. LEXIS 219959, at *2 (S.D. Ohio Dec. 11, 2023))). Protecting the privacy of Plaintiffs' members is by itself a compelling reason to seal these limited portions of the Emch Decl.

### B.    Spec Responses

For similar reasons, there are compelling reasons to protect Plaintiffs' confidential responses to government requests for information during the federal investigation of the Paramount Skydance Corporation-Warner Bros. Discovery, Inc merger. The Spec Responses, compelled under law and for a specific investigatory purpose, contain Plaintiffs' non-public, competitively sensitive information. Blum-Smith Decl. ¶ 8. This includes discussions of internal business strategy, financial data, and industry analyses. *Id.* ¶ 9. Like the confidential compensation and earning data, this information should be sealed to prevent others from using it against the Plaintiffs in collective bargaining negotiations and other situations to their disadvantage.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their Administrative Motion to File Under Seal select portions of the Emch Decl.

Dated: July 21, 2026

Respectfully submitted,

*/s/ David C. Brownstein*

DAVID C. BROWNSTEIN (SBN: 141929)
DAVID M. GOLDSTEIN (SBN: 142334)
**FARMER BROWNSTEIN JAEGER**
**GOLDSTEIN SIEGEL & SHEPARD LLP**
155 Montgomery Street, Suite 301
San Francisco, CA 94104-2733
Telephone: (415) 962-2873
dbrownstein@fbjgss.com
dgoldstein@fbjgss.com

KELLIE LERNER (*pro hac vice*)
ELLISON A. SNIDER (*pro hac vice*)
BENJAMIN B. ALLEN (*pro hac vice*)
**SHINDER CANTOR LERNER LLP**
14 Penn Plaza, Suite 1900
New York, NY 10122
Telephone: (646) 960-8601
kellie@scl-llp.com
esnider@scl-llp.com
ballen@scl-llp.com

J. WYATT FORE (*pro hac vice*)
**SHINDER CANTOR LERNER LLP**
600 14th Street, NW
Washington, D.C. 20005
Telephone: (646) 960-8632
wyatt@scl-llp.com

CHARLES J. LADUCA (*pro hac vice*)
N. SLADE BOND II (*pro hac vice*)
**CUNEO GILBERT**
**FLANNERY & LADUCA, LLP**
2445 M Street, NW Suite 740
Washington, D.C. 20037
Telephone: (202) 789-3960
sbond@cuneolaw.com

SARAH ROONEY (*pro hac vice*)
**CUNEO GILBERT**
**FLANNERY & LADUCA, LLP**
8705 Colesville Road
B. 133
Silver Spring, MD 20910
Telephone: (301) 518-7428
srooney@cuneolaw.com

MICHAEL J. FLANNERY (SBN: 196266)
**CUNEO GILBERT**
**FLANNERY & LADUCA, LLP**
Two CityPlace Drive
St. Louis, MO 63141
Telephone: (314) 226-1015
mflannery@cuneolaw.com

MATTHEW J. PLATKIN (*pro hac vice*)
AARON HAIER (*pro hac vice*)
**PLATKIN LLP**
413 Washington Avenue, Unit 174
Belleville, NJ 07109
Telephone: (973) 561-1951
mplatkin@platkinllp.com
ahaier@platkinllp.com

*Attorneys for Plaintiffs*
*the Writers Guild of America, West, Inc., and*
*the Writers Guild of America East Inc.*

**FILER'S ATTESTATION**

I, David C. Brownstein, am the ECF User whose ID and password are being used to file this Complaint. In compliance with Civil Local Rule 5-1(i), I hereby attest that concurrence in the filing of this document has been obtained from each of the other signatories.

By: */s/ David C. Brownstein*
David C. Brownstein