KELLIE LERNER (*pro hac vice*)
ELLISON A. SNIDER (*pro hac vice*)
BENJAMIN B. ALLEN (*pro hac vice*)
**SHINDER CANTOR LERNER LLP**
14 Penn Plaza, Suite 1900
New York, NY 10122
Telephone: (646) 960-8601
kellie@scl-llp.com
esnider@scl-llp.com
ballen@scl-llp.com

J. WYATT FORE (*pro hac vice*)
**SHINDER CANTOR LERNER LLP**
600 14th Street, NW
Washington, D.C. 20005
Telephone: (646) 960-8632
wyatt@scl-llp.com

DAVID C. BROWNSTEIN (SBN: 141929)
DAVID GOLDSTEIN (SBN: 142334)
**FARMER BROWNSTEIN JAEGER
GOLDSTEIN SIEGEL & SHEPARD LLP**
155 Montgomery Street, Suite 301
San Francisco, CA 94104-2733
Telephone: (415) 962-2873
dbrownstein@fbjgss.com
dgoldstein@fbjgss.com

CHARLES J. LADUCA (*pro hac vice*)
N. SLADE BOND II (*pro hac vice*)
**CUNEO GILBERT
FLANNERY & LADUCA, LLP**
2445 M Street, NW Suite 740
Washington, D.C. 20037
Telephone: (202) 789-3960
sbond@cuneolaw.com

SARAH ROONEY (*pro hac vice*)
**CUNEO GILBERT
FLANNERY & LADUCA, LLP**
8705 Colesville Road
B. 133
Silver Spring, MD 20910
Telephone: (301) 518-7428
srooney@cuneolaw.com

MATTHEW J. PLATKIN (*pro hac vice*)
AARON HAIER (*pro hac vice*)
**PLATKIN LLP**
413 Washington Avenue, Unit 174
Belleville, NJ 07109
Telephone: (973) 561-1951
mplatkin@platkinllp.com
ahaier@platkinllp.com

*Attorneys for Plaintiffs
the Writers Guild of America, West, Inc., and
the Writers Guild of America East, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WRITERS GUILD OF AMERICA, WEST, INC., and WRITERS GUILD OF AMERICA EAST, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> PARAMOUNT SKYDANCE CORPORATION, and WARNER BROS. DISCOVERY, INC., <br><br> Defendants. | Case No. 4:26-cv-07212 <br><br> **PLAINTIFFS' MOTION FOR SHORTENED TIME ON MOTION FOR A PRELIMINARY INJUNCTION** |

Pursuant to Civil Local Rule 6-3 of the United States District Court for the Northern District of California, Plaintiffs the Writers Guild of America, West, Inc. and the Writers Guild of America East, Inc. (collectively, "Plaintiffs") respectfully submit this Motion to Shorten Time on Plaintiffs' Motion for a Preliminary Injunction ("PI Motion").

Plaintiffs proposed the following schedule to Paramount Skydance Corporation and Warner Bros. Discovery, Inc. (together, "Defendants") for the efficient consideration of the pending motion alongside the related motion in *State of California, et al., v. Paramount Skydance Corporation, et al.*, Case No. 4:26-cv-7116 (N.D. Cal.) ("States Litigation"): Defendants' opposition due July 27, 2026; Plaintiffs' reply due July 30, 2026; and hearing on Plaintiffs' preliminary injunction motion at 3:00 p.m. on Monday, August 3, 2026, in Oakland.[1]

Should the Court not adopt this proposed schedule, Plaintiffs respectfully request to be heard as expeditiously as possible, but in no event do Plaintiffs seek any adjustment that would delay adjudication of the States' motion. In other words, Plaintiffs seek full alignment only if it can be done without altering the States Litigation schedule. If this is not feasible, Plaintiffs respectfully request a separate but similarly expedited schedule. Counsel for Defendants could not secure their clients' consent to stipulate to a schedule for Plaintiffs' PI Motion.

This request to expedite Plaintiffs' PI Motion meets the requirements under Civil Local Rule 6-3, and there are compelling reasons to align this schedule with the States Litigation.

This Motion is based on the points below as well as the Declaration of David C. Brownstein.

**1.      Plaintiffs Have Particular Reasons for Shortened Time (L.R. 6-3(a)(1))**

There are several compelling reasons for expediting the PI Motion schedule. First, absent an expedited schedule Plaintiffs would be forced to seek their own TRO or risk the irreparable harms Plaintiffs seek to prevent with the PI Motion—the consummation of Defendants' merger which cannot practically be reversed. Plaintiffs especially cannot afford a standard briefing schedule when Defendants have suggested they could close the transaction as soon as they are

---

[1] In this related litigation, the Court issued a temporary restraining order (the "TRO") on July 20, 2026, halting Defendants' merger pending briefing and a hearing on the States' preliminary injunction. Brownstein Decl. ¶¶ 3–4.

released from the TRO. Brownstein Decl. ¶ 9. In other words, the window to obtain meaningful relief is narrow.

Second, the proposed schedule aligns with the expedited schedule the Court already approved in the related States Litigation, reflecting a determination that an accelerated timeline is both workable and appropriate for claims related to Defendants' transaction. Courts have granted requests for shortened preliminary injunction briefing timelines in the merger context. *See, e.g.*, Order, ECF 71, *Bradt, et al., v. T-Mobile US, Inc., et al.*, Case No. 19-cv-7752 (N.D. Cal. Mar. 7, 2020).

Third, an expedited schedule guards against inconsistent resolutions of factual or legal issues common to Plaintiffs' and the States' challenges to Defendants' merger. Although the two actions involve distinct claims, they arise from the same transaction and are likely to share some factual and legal issues. More closely aligning the timing of the two preliminary injunction proceedings will allow the Court to better consider common issues together.

## 2. Substantial Harm or Prejudice Would Result Without the Change (L.R. 3-6(a)(3))

Without an expedited briefing schedule, there is a risk that the TRO in the States Litigation halting Defendants' merger lapses before the Court can meaningfully assess the PI Motion. In this gap without preliminary injunctive relief, Defendants may complete their merger, inviting the exact irreparable harms motivating the PI Motion. As Plaintiffs detail in the PI Motion, allowing the merger to close would render any later relief practically ineffective. Once consummated, mergers are practically impossible to unwind, making the harms to Plaintiffs and competition irreparable and irreversible—even if the merger is ultimately determined to be unlawful. Thus, the expedited schedule requested allows the Court to resolve Plaintiffs' distinct yet related challenge to Defendants' merger while the State Litigation TRO's protections remain in place.

This expedited timeline also benefits Defendants by resolving the matter expeditiously.

## 3. Efforts to Obtain a Stipulation, Plaintiffs' Compliance with Local Rule 37-1, and the Parties' Positions Regarding the PI Motion (L.R. 3-6(a)(2) & (a)(4))

Pursuant to Civil Local Rule 37-1, Plaintiffs attempted to meet and confer with Defendants regarding the schedule change requested in this Motion. Brownstein Decl. ¶ 8. Plaintiffs reached

2

out to Defendants on July 20, 2026 to discuss an agreement by which Plaintiffs' PI Motion would follow the same briefing and hearing schedule as that in the States Litigation. *Id.* Defendants responded that this schedule would not give them enough time to oppose Plaintiffs' opening brief and suggested meeting and conferring on July 21, 2026. *Id.* Plaintiffs offered to make themselves available, but Defendants were unable to reach their client about this issue until July 22, 2026, and thus the parties were unable to meet and confer to reach an agreement before the filing of this motion. *Id.*

As required by Local Rule 6-3(a)(4)(ii), Plaintiffs summarize here the nature of the underlying dispute addressed by the PI Motion. The merger of Paramount Skydance Corporation and Warner Bros. Discovery, Inc. violates Section 7 of the Clayton Act, 15 U.S.C. § 18 in multiple markets. *Id.* ¶ 7. Plaintiffs move for a preliminary injunction to halt the transaction based on the impacts to the market for writing services for anticipated top-grossing films.

**4.    The Requested Time Modification Would Promote Judicial Efficiency and Conserve the Court's Resources (L.R. 6-3(a)(6))**

The schedule requested by Plaintiffs will not interfere with any proceedings in this case. Moreover, by aligning the preliminary injunction schedules of this case and the States Litigation, Plaintiffs' modified schedule will promote judicial efficiency and use of resources. Though these are distinct challenges to the Defendants' proposed transaction, preliminary injunction arguments in both cases may nonetheless involve common relevant facts and implicate related caselaw on mergers. This will allow the Court to avoid duplication of preparing for two separate hearings on Defendants' merger.

**5.    Previous Time Modifications (L.R. 6-3(a)(5))**

To date, there have been no modifications to any scheduling or deadlines in this case.

**6.    Conclusion**

For the foregoing reasons, Plaintiffs respectfully request that the Court grant this Motion and enter an Order setting the briefing and hearing schedule for Plaintiffs' Motion for a Preliminary Injunction on an expedited basis, either matching the States Litigation schedule as established in the Court's July 20, 2026 Order in *State of California, et al., v. Paramount Skydance Corporation, et*

3

*al.*, Case No. 4:26-cv-7116 (N.D. Cal.) or, in the alternative, establishing a separate expedited schedule that achieves the same benefits and avoids the same harms discussed above.

Dated: July 21, 2026

Respectfully submitted,

*/s/ David C. Brownstein*

DAVID C. BROWNSTEIN (SBN: 141929)
DAVID M. GOLDSTEIN (SBN: 142334)
**FARMER BROWNSTEIN JAEGER
GOLDSTEIN SIEGEL & SHEPARD LLP**
155 Montgomery Street, Suite 301
San Francisco, CA 94104-2733
Telephone: (415) 962-2873
dbrownstein@fbjgss.com
dgoldstein@fbjgss.com

KELLIE LERNER (*pro hac vice*)
ELLISON A. SNIDER (*pro hac vice*)
BENJAMIN B. ALLEN (*pro hac vice*)
**SHINDER CANTOR LERNER LLP**
14 Penn Plaza, Suite 1900
New York, NY 10122
Telephone: (646) 960-8601
kellie@scl-llp.com
esnider@scl-llp.com
ballen@scl-llp.com

J. WYATT FORE (*pro hac vice*)
**SHINDER CANTOR LERNER LLP**
600 14th Street, NW
Washington, D.C. 20005
Telephone: (646) 960-8632
wyatt@scl-llp.com

CHARLES J. LADUCA (*pro hac vice*)
N. SLADE BOND II (*pro hac vice*)
**CUNEO GILBERT
FLANNERY & LADUCA, LLP**
2445 M Street, NW Suite 740
Washington, D.C. 20037
Telephone: (202) 789-3960
sbond@cuneolaw.com

SARAH ROONEY (*pro hac vice*)
**CUNEO GILBERT
FLANNERY & LADUCA, LLP**
8705 Colesville Road
B. 133
Silver Spring, MD 20910
Telephone: (301) 518-7428
srooney@cuneolaw.com

MICHAEL J. FLANNERY (SBN: 196266)
**CUNEO GILBERT
FLANNERY & LADUCA, LLP**
Two CityPlace Drive
St. Louis, MO 63141
Telephone: (314) 226-1015
mflannery@cuneolaw.com

MATTHEW J. PLATKIN (*pro hac vice*)
AARON HAIER (*pro hac vice*)
**PLATKIN LLP**
413 Washington Avenue, Unit 174
Belleville, NJ 07109
Telephone: (973) 561-1951
mplatkin@platkinllp.com
ahaier@platkinllp.com

*Attorneys for Plaintiffs
the Writers Guild of America, West, Inc., and
the Writers Guild of America East Inc.*

**<u>FILER'S ATTESTATION</u>**

I, David C. Brownstein, am the ECF User whose ID and password are being used to file this Complaint. In compliance with Civil Local Rule 5-1(i), I hereby attest that concurrence in the filing of this document has been obtained from each of the other signatories.

By: */s/ David C. Brownstein*
David C. Brownstein

PLS.' MOT. SHORTENED TIME ON PRELIMINARY INJUNCTION,
Case No. 4:26-cv-07212