Jeffrey L. Kessler (*pro hac vice* pending)
**WINSTON TAYLOR LLP**
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
jeffrey.kessler@winstontaylor.com

Jeanifer E. Parsigian (SBN 289001)
Matthew R. DalSanto (SBN 282458)
**WINSTON TAYLOR LLP**
101 California Street, 21st Floor
San Francisco, CA 94111-5891
Telephone: (415) 591-1000
Facsimile: (415) 591-1400
jeanifer.parsigian@winstontaylor.com
matthew.dalsanto@winstontaylor.com

*Attorneys for Defendant Paramount Skydance Corporation*

Daniel M. Petrocelli (SBN 97802)
**O'MELVENY & MYERS LLP**
999 Avenue of the Stars, 8th Floor
Los Angeles, California  90067-6035
Telephone: (310) 553-6700
Facsimile: (310) 246-6779
dpetrocelli@omm.com

Peter C. Herrick (*pro hac vice*)
**O'MELVENY & MYERS LLP**
1301 Avenue of the Americas, Suite 1700
New York, NY  10019-6022
Telephone: (212) 326-2000
Facsimile: (212) 326-2061
pherrick@omm.com

*Attorneys for Defendant Warner Bros. Discovery, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| WRITERS GUILD OF AMERICA, WEST, INC., and WRITERS GUILD OF AMERICA EAST, INC.,<br><br>Plaintiffs,<br><br>vs.<br><br>PARAMOUNT SKYDANCE CORPORATION, and WARNER BROS. DISCOVERY, INC.,<br><br>Defendants. | Case No. 4:26-cv-7212-AMO<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR SHORTENED TIME ON MOTION FOR A PRELIMINARY INJUNCTION** |

Defendants Paramount Skydance Corporation and Warner Bros. Discovery, Inc. oppose the Plaintiffs Writers Guild of America West, Inc., and Writers Guild of America East, Inc.'s (the "WGA") Motion to Shorten Time on Plaintiffs' Motion for a Preliminary Injunction, ECF No. 60. Defendants respectfully ask that the Court simply deny the motion and follow the default briefing schedule provided for by Civil Local Rule 7-3:

- 14 days for Paramount and Warner Bros. to oppose (i.e., until August 5, 2026); and

- 7 days for the WGA to reply (i.e., until August 12, 2026).

The Court could then hold a hearing the week of August 17 or August 24.

Under this schedule, the Court will have sufficient time for a hearing and to resolve the WGA's Motion for a Preliminary Injunction ("PI Motion") sufficiently before September 30, 2026 (after which Paramount would begin incurring harm from ticking fees), and Paramount will consent to extension of the Court's temporary restraining order already in place,[1] such that Defendants will not consummate their merger before the Court's decision on the WGA's PI Motion. *See* Parsigian Decl. ¶ 3

The WGA's proposal to force their PI Motion onto a sharply truncated briefing schedule set for a different case—with different facts, different witnesses, and different legal issues—would railroad the Court and Defendants into addressing the WGA's request for this "extraordinary and drastic remedy" without giving Defendants a fair opportunity to respond, as precedent requires. *Roe v. Critchfield*, 137 F.4th 912, 921–22 (9th Cir. 2025); *see Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 432 n.7 (1974) ("The notice required by Rule 65(a) before a preliminary injunction can issue implies a hearing in which the defendant is given a fair opportunity to oppose the application and to prepare for such opposition.").

The Motion to Shorten Time further fails to satisfy Civil Local Rule 6-3's requirement of identifying "substantial harm or prejudice that would occur if the Court did not change the time" because Defendants have committed to the WGA—as Defendants have previously affirmed to the Court and to the Plaintiffs in the States Litigation—that under any schedule that allows the Court to resolve the WGA's PI Motion sufficiently before September 30, 2026, Paramount will agree not to close the merger before

---

[1] *See California v. Paramount Skydance Corp.*, No. 4:26-cv-7116 (the "States Litigation"), ECF No. 141.

the Court's decision on the WGA's PI Motion.[2]  Thus, the WGA's argument that there is a risk the merger will close if their rushed schedule is not granted is simply a straw man fiction.  Here, there is no good cause to depart from the standard briefing schedule, which would result in completed briefing by August 12, with ample time for a hearing and decision thereafter.  *See O'Connor v. Uber Techs., Inc.*, 2013 WL 5232500, at *2 (N.D. Cal. Sept. 17, 2013) (denying motion to shorten time because plaintiffs "failed to make out a particularized showing of good cause" by failing to "specifically identif[y] an impending time-critical event that would warrant shortening time").  In contrast, it is Defendants who would be prejudiced and denied a fair opportunity to respond if the WGA's proposed shortened schedule is entered.

The WGA's private action and PI Motion are premised on very different factual issues and alleged relevant markets than the States' claims in the States Litigation.  The WGA's PI Motion is based on claimed competitive effects on its writer members in an alleged upstream "market for writing services for anticipated top grossing films," *see* PI Motion at 10, in contrast to the States' focus on downstream alleged markets for distribution of theatrical films and basic cable channels, *see California* Mot. for TRO, ECF No. 27; Parsigian Decl. ¶ 7.  The WGA also offers totally separate evidence in support of its PI Motion, including an economist declaration, from Dr. Emch, and several writer declarations.  *See* ECF Nos. 58–59; Parsigian Decl. ¶ 8.  Defendants need a fair opportunity to review and respond to these materials, including having Defendants' expert economists respond to Dr. Emch's analysis.  This will be a large effort even under the default briefing schedule, but doing so under the WGA's truncated proposal—under which Defendants' opposition to the PI Motion is due three business days after the PI Motion was filed, while Defendants are simultaneously responding to the forthcoming States' motion for a preliminary injunction—is simply unreasonable and will result in a rushed, less complete record before the Court.  *See* Parsigian Decl. ¶ 8.

There is also no reason the WGA's and States' motions need to be briefed on exactly the same track, as the WGA has proposed.  That the States' preliminary injunction motion, which is based on

---

[2] Defendants have repeatedly made this statement in other court filings, *see, e.g.*, *California* ECF Nos. 64 at 4, 138 at 26:10-18, and reaffirmed this to the WGA's counsel in a meet and confer on July 22, 2026. Parsigian Decl. ¶ 3.  Defendants were not able to meet and confer with the WGA's counsel prior to the WGA filing their PI Motion and Motion to Shorten Time because the WGA initially said it intended to file its PI Motion on July 24, 2026, but notified Defendants' counsel late on July 21 that the WGA would file two days earlier.  Parsigian Decl. ¶ 5.

separate briefs and separate evidence, is currently set for hearing on August 3 is not a reason to prejudice Defendants' ability to respond to the WGA's PI Motion. However, Defendants have told the WGA that, if the Court were to grant the briefing schedule Defendants have proposed for the States Litigation and hold an evidentiary hearing the week of August 17 or August 24, Defendants would consent to a combined hearing, if desired by the Court. Parsigian Decl. ¶ 9. However, regardless of whether the Court modifies the schedule in the States Litigation or grants Defendants' request for an evidentiary hearing, *see* ECF No. 161, Defendants ask that the Court maintain the standard briefing for the WGA's PI Motion.

Under the default briefing schedule, briefing on the WGA's PI Motion will be complete by August 12, 2026, and there is sufficient opportunity for the Court to decide the motion sufficiently in advance of September 30, 2026. There would be no "substantial harm or prejudice" to the WGA under this schedule, as Defendants would not consummate their merger prior to the Court's ruling. Accordingly, the WGA's Motion to Shorten Time should be denied.

Dated: July 22, 2026                    Respectfully submitted,


                                        By: */s/ Jeanifer E. Parsigian*
                                        Jeffrey L. Kessler (*pro hac vice* pending)
                                        **WINSTON TAYLOR LLP**
                                        200 Park Avenue
                                        New York, NY 10166-4193
                                        Telephone: (212) 294-6700
                                        Facsimile: (212) 294-4700
                                        jeffrey.kessler@winstontaylor.com

                                        Jeanifer E. Parsigian (SBN 289001)
                                        Matthew R. DalSanto (SBN 282458)
                                        **WINSTON TAYLOR LLP**
                                        101 California Street, 21st Floor
                                        San Francisco, CA 94111-5891
                                        Telephone: (415) 591-1000
                                        Facsimile: (415) 591-1400
                                        jeanifer.parsigian@winstontaylor.com
                                        matthew.dalsanto@winstontaylor.com

Conor A. Reidy (*pro hac vice* pending)
Kevin B. Goldstein (*pro hac vice*)
**WINSTON TAYLOR LLP**
300 N. LaSalle Drive
Chicago, IL 60654-3406
Telephone: (312) 558-5600
Facsimile: (312) 558-5700
conor.reidy@winstontaylor.com
kevin.goldstein@winstontaylor.com

Matthew R. Huppert (*pro hac vice* pending)
**WINSTON TAYLOR LLP**
1901 L Street NW
Washington, DC 20036-3506
Telephone: (202) 282-5000
Facsimile: (202) 282-5100
matt.huppert@winstontaylor.com

Marguerite Sullivan (*pro hac vice* pending)
Christopher J. Brown (*pro hac vice* forthcoming)
**LATHAM & WATKINS LLP**
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
marguerite.sullivan@lw.com
christopher.brown@lw.com

Hanna Nunez Tse (SBN 346510)
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 395-8153
hanna.nuneztse@lw.com

*Attorneys for Defendant Paramount Skydance Corporation*

By: */s/ Daniel M. Petrocelli*
Daniel M. Petrocelli (SBN 97802)
**O'MELVENY & MYERS LLP**
1999 Avenue of the Stars, 8th Floor
Los Angeles, California 90067-6035
Telephone: (310) 553-6700
Facsimile: (310) 246-6779
dpetrocelli@omm.com

Peter C. Herrick (*pro hac vice*)
**O'MELVENY & MYERS LLP**
1301 Avenue of the Americas, Suite 1700
New York, NY  10019-6022
Telephone: (212) 326-2000
Facsimile:  (212) 326-2061
pherrick@omm.com

Julia A. Schiller (*pro hac vice*)
**O'MELVENY & MYERS LLP**
1625 Eye Street NW
Washington, DC  20006-4061
Telephone:  (202) 383-5300
Facsimile:  (202) 383-5414
jschiller@omm.com

Derek Ludwin (*pro hac vice*)
Henry Liu (*pro hac vice*)
Ross A. Demain (*pro hac vice*)
**COVINGTON & BURLING LLP**
One CityCenter
850 10th Street NW
Washington, DC 20001
Telephone: (202) 662-6000
dludwin@cov.com
hliu@cov.com
rdemain@cov.com

Bernard A. Nigro Jr. (*pro hac vice* pending)
Kathleen S. O'Neill (*pro hac vice* pending)
**FRIED FRANK HARRIS SHRIVER & JACOBSON LLP**
801 17th Street NW
Washington, DC 20006
Telephone: (202) 639-7000
Facsimile: (202) 639-7003
Barry.Nigro@friedfrank.com
Kathy.Oneill@friedfrank.com

*Attorneys for Defendant Warner Bros. Discovery, Inc.*