KELLIE LERNER (*pro hac vice*)
ELLISON A. SNIDER (*pro hac vice*)
BENJAMIN B. ALLEN (*pro hac vice*)
**SHINDER CANTOR LERNER LLP**
14 Penn Plaza, Suite 1900
New York, NY 10122
Telephone: (646) 960-8601
kellie@scl-llp.com
esnider@scl-llp.com
ballen@scl-llp.com

J. WYATT FORE (*pro hac vice*)
**SHINDER CANTOR LERNER LLP**
600 14th Street, NW
Washington, D.C. 20005
Telephone: (646) 960-8632
wyatt@scl-llp.com

DAVID C. BROWNSTEIN (SBN: 141929)
DAVID GOLDSTEIN (SBN: 142334)
**FARMER BROWNSTEIN JAEGER
GOLDSTEIN SIEGEL & SHEPARD LLP**
155 Montgomery Street, Suite 301
San Francisco, CA 94104-2733
Telephone: (415) 962-2873
dbrownstein@fbjgss.com
dgoldstein@fbjgss.com

CHARLES J. LADUCA (*pro hac vice*)
N. SLADE BOND II (*pro hac vice*)
**CUNEO GILBERT
FLANNERY & LADUCA, LLP**
2445 M Street, NW Suite 740
Washington, D.C. 20037
Telephone: (202) 789-3960
sbond@cuneolaw.com

SARAH ROONEY (*pro hac vice*)
**CUNEO GILBERT
FLANNERY & LADUCA, LLP**
8705 Colesville Road
B. 133
Silver Spring, MD 20910
Telephone: (301) 518-7428
srooney@cuneolaw.com

MATTHEW J. PLATKIN (*pro hac vice*)
AARON HAIER (*pro hac vice*)
**PLATKIN LLP**
413 Washington Avenue, Unit 174
Belleville, NJ 07109
Telephone: (973) 561-1951
mplatkin@platkinllp.com
ahaier@platkinllp.com

*Attorneys for Plaintiffs
the Writers Guild of America, West, Inc., and
the Writers Guild of America East, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WRITERS GUILD OF AMERICA, WEST, INC., and WRITERS GUILD OF AMERICA EAST, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> PARAMOUNT SKYDANCE CORPORATION, and WARNER BROS. DISCOVERY, INC., <br><br> Defendants. | Case No.  4:26-cv-07212 <br><br> **PLAINTIFFS' REPLY IN FURTHER SUPPORT OF MOTION FOR SHORTENED TIME ON MOTION FOR A PRELIMINARY INJUNCTION** |

In light of the parallel proceedings and different proposed schedules, Plaintiffs the Writers Guild of America, West, Inc. and the Writers Guild of America East, Inc. (collectively, "the WGA") respectfully submit this reply in further support of their Motion to Shorten Time (ECF 60) on Plaintiffs' Motion for a Preliminary Injunction ("PI Motion"). The WGA has met its burden for an expedited schedule on the PI Motion. There is neither a need nor time for discovery for an evidentiary hearing because of the self-imposed deadline that Paramount Skydance Corporation and Warner Bros. Discovery, Inc. ("Defendants") set to close the proposed transaction.

Regarding a briefing schedule, the WGA's preference is to align generally with whatever schedule is set in the States Litigation, so long as doing so does not require altering that Schedule. This alignment serves judicial economy, as the two actions challenge the same transaction and raise overlapping legal and factual issues. The Defendants discount this substantial overlap and fail to acknowledge how hearing the two motions together, close in time, will allow the Court to consider the common ground once rather than across two separate, staggered proceedings.[1] It also reduces any risk of inconsistent rulings on questions common to both cases, a compelling reason that Defendants fail to address.

To these ends, the WGA therefore respectfully requests that the hearing in this matter occur during the week of August 3, before the Court's period of unavailability the following week. The WGA is otherwise agnostic about any particular briefing schedule needed to accomplish that hearing timeline, aside from requesting at least three business days to reply to Defendants' opposition.

There are other reasons to reject Defendants' arguments about the fairness of an expedited schedule here. First, Defendants have been litigating and preparing for challenges to their transaction since the end of April. *See* Complaint, ECF 1, *Faust, et al. v. Paramount Skydance Corporation, et al.*, Case No. 4:26-cv-3790 (N.D. Cal. April 30, 2026). Defendants have surely been aware of the public commentary related to this potential merger's negative impacts on writers and

---

[1] Defendants also contradict themselves regarding the overlap between this case and the States case by consenting to a combined hearing on a slightly different schedule. Declaration of Jeanifer Parsigian in Support of Defendants' Opposition ¶ 9.

industry job markets more broadly.[2] Second, Defendants are well-supported by five top-flight law firms that are well-equipped to comply with an aggressive schedule, particularly one the Court has already found workable in the States Litigation.[3]

Defendants suggest that the Court cannot fairly resolve the PI Motion without a fuller evidentiary record. Not so. No party has taken any discovery in this case. Defendants have not produced a single document or piece of data to Plaintiffs; and Plaintiffs have not deposed a single Defendant witness. Without discovery to support vigorous cross-examination, Plaintiffs would be faced with Defendants' executives' self-serving testimony. Courts routinely find one-sided evidence from leadership and other employees at the merging companies to be unhelpful in determining the likely effects of the merger. *FTC v. Tapestry, Inc.*, 755 F. Supp. 3d 386, 478, 484 (S.D.N.Y. 2024) (discussing why courts should not "credit" such "self-interested statements," including the influence of boards' fiduciary duties, "financial or career" incentives for executives and employees, and the principle that the "relevant person's behavior . . . is the corporate person, not any particular executive." (citation and quotations omitted))*; see also FTC v. H.J. Heinz Co.*, 246 F.3d 708, 721 (D.C. Cir. 2001) (discrediting "mere speculation and promises about post-merger behavior"); *United States v. Bertelesmann*, 646 F. Supp. 3d 1, 50 (D.D.C. 2022) ("the proposed policy would not be profit-maximizing and is thus unreliable evidence of future conduct").

There is accordingly no basis for an evidentiary hearing on this scheduling Motion, and no reason the Court cannot decide it on the papers. *See In re Nexstar-TEGNA Merger Litig.*, 2026 U.S. Dist. LEXIS 85526 (E.D. Cal. 2026). Further, "[i]n this circuit, a district court need not hold an evidentiary hearing before issuing a preliminary injunction . . . there is no presumption favoring pre-injunction [evidentiary] hearings." *Walsh v. Ahern Rentals, Inc.*, 2022 U.S. App. LEXIS 896, at

---

[2] *See, e.g.*, PI Motion, Declaration of Kellie Lerner, Ex. G ("Paramount-Warner Would Create a Hollywood Jobs Apocalypse," by David Dayen, published by The American Prospect on March 2, 2026, available at https://prospect.org/2026/03/02/paramount-warner-merger-netflix-hollywood-jobs-layoffs-antitrust/).

[3] Moreover, the meet and confer on July 22, 2026 (after the WGA filed the Motion for Shortened Time) was the first time Defendants said they would not close the merger before the Court decides ***the WGA's*** PI Motion. The affirmations referenced in Defendants' opposition only pertain to the States' motion. Given the irreparable harms explained in our opening motion, we could not afford to assume the same treatment for our PI Motion.

*3 (9th Cir. Jan. 12, 2022) (citing *Int'l Molders' & Allied Workers Loc. Union No. 164 v. Nelson*, 799 F.2d 547, 544–55 (9th Cir. 1986)); *see also Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1326 (9th Cir. 1994) ("In this circuit, the refusal to hear oral testimony at a preliminary injunction hearing is not an abuse of discretion if the parties have a full opportunity to submit written testimony and to argue the matter." (citations omitted)).

Defendants' observation that merger proceedings ordinarily have an evidentiary hearing is true. However, in those cases, the Court's scheduling order authorized discovery first. And pending that discovery, the merging parties were prohibited from taking actions to make ultimate relief unavailable, such as closing the merger. *See* Scheduling Order, ECF 71, *FTC v. Tapestry, Inc.*, No. 1:24-cv-03109 (S.D.N.Y. May 1, 2024); Scheduling Order, ECF 104, *FTC v. IQVIA Holdings Inc.*, No. 1:23-cv-06188 (S.D.N.Y. Aug. 15, 2023). This is true even when the plaintiffs were government enforcers with access to pre-complaint discovery—authority the WGA lacks. Because Defendants have demanded an accelerated timeline, it is their demand that also makes an evidentiary hearing "impractical" in these circumstances. *Nelson*, 799 F.2d at 555.

Although the WGA appreciates Defendants' commitment that the merger will not close until late September, this obligation is simply not workable if Defendants will not also agree to a timeline that includes an opportunity for the WGA to conduct discovery necessary for an evidentiary hearing.

Dated: July 23, 2026

Respectfully submitted,

*/s/ David C. Brownstein*

DAVID C. BROWNSTEIN (SBN: 141929)
DAVID M. GOLDSTEIN (SBN: 142334)
**FARMER BROWNSTEIN JAEGER GOLDSTEIN SIEGEL & SHEPARD LLP**
155 Montgomery Street, Suite 301
San Francisco, CA 94104-2733
Telephone: (415) 962-2873
dbrownstein@fbjgss.com
dgoldstein@fbjgss.com

KELLIE LERNER (*pro hac vice*)

CHARLES J. LADUCA (*pro hac vice*)
N. SLADE BOND II (*pro hac vice*)
**CUNEO GILBERT FLANNERY & LADUCA, LLP**
2445 M Street, NW Suite 740
Washington, D.C. 20037
Telephone: (202) 789-3960
sbond@cuneolaw.com

SARAH ROONEY (*pro hac vice*)

ELLISON A. SNIDER (*pro hac vice*)
BENJAMIN B. ALLEN (*pro hac vice*)
**SHINDER CANTOR LERNER LLP**
14 Penn Plaza, Suite 1900
New York, NY 10122
Telephone: (646) 960-8601
kellie@scl-llp.com
esnider@scl-llp.com
ballen@scl-llp.com

J. WYATT FORE (*pro hac vice*)
**SHINDER CANTOR LERNER LLP**
600 14th Street, NW
Washington, D.C. 20005
Telephone: (646) 960-8632
wyatt@scl-llp.com

**CUNEO GILBERT
FLANNERY & LADUCA, LLP**
8705 Colesville Road
B. 133
Silver Spring, MD 20910
Telephone: (301) 518-7428
srooney@cuneolaw.com

MICHAEL J. FLANNERY (SBN: 196266)
**CUNEO GILBERT
FLANNERY & LADUCA, LLP**
Two CityPlace Drive
St. Louis, MO 63141
Telephone: (314) 226-1015
mflannery@cuneolaw.com

MATTHEW J. PLATKIN (*pro hac vice*)
AARON HAIER (*pro hac vice*)
**PLATKIN LLP**
413 Washington Avenue, Unit 174
Belleville, NJ 07109
Telephone: (973) 561-1951
mplatkin@platkinllp.com
ahaier@platkinllp.com

*Attorneys for Plaintiffs
the Writers Guild of America, West, Inc., and
the Writers Guild of America East Inc.*

**FILER'S ATTESTATION**

I, David C. Brownstein, am the ECF User whose ID and password are being used to file this Complaint. In compliance with Civil Local Rule 5-1(i), I hereby attest that concurrence in the filing of this document has been obtained from each of the other signatories.

By: */s/ David C. Brownstein*
David C. Brownstein