**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WRITERS GUILD OF AMERICA, WEST, INC., and WRITERS GUILD OF AMERICA EAST, INC.,<br><br>Plaintiffs,<br><br>vs.<br><br>PARAMOUNT SKYDANCE CORPORATION, and WARNER BROS. DISCOVERY, INC.,<br><br>Defendants. | Case No. 4:26-cv-07212-AMO<br><br>**DECLARATION OF MICHELE MULRONEY IN OPPOSITION TO PARAMOUNT'S MOTION TO MODIFY THE STIPULATION AND ORDER TO CLOSE TO REQUIRE BOND**<br><br>Date: September 24, 2026<br>Time: 10:00am<br>Judge: Honorable Araceli Martínez-Olguín |

I, **MICHELE MULRONEY**, hereby declare as follows:

1. I am the President of the Writers Guild of America, West, Inc. ("WGAW"). I have been a member of the WGAW since 2004 and have served on the Board for nine years, seven of them as an officer. My leadership service has included two years as Secretary-Treasurer, four years as Vice President, and since my election in 2025, one year as President. In this role, I regularly receive and review information regarding the WGAW's financial position in connection with my governance responsibilities.

2. I make this sworn Declaration in support of Plaintiffs' Opposition to Paramount Skydance Corporation's ("Paramount") Motion to Modify the Stipulation and Order Not to Close to Require a Bond. I have personal knowledge of the facts set forth in this Declaration and, if necessary, I could and would competently testify to this information.

3. The WGAW is a non-profit labor organization organized under the laws of the State of California and section 501(c)(5) of the Internal Revenue Code. The WGAW is not a business enterprise organized for profit, does not distribute earnings to private shareholders or other individuals, and does not maintain the kind of capital reserves, credit facilities, or access to capital markets available to a for-profit commercial enterprise such as Paramount.

4. The WGAW represents the economic and creative interests of its members, who work as writers for television, film, and other media. The WGAW is funded principally through member dues, and does not generate meaningful revenue from commercial operations comparable to a media or entertainment company. The WGAW's revenues are directly tied to the earnings of its membership.

5. The WGAW does not have, and has never maintained, assets or liquid reserves anywhere near $1.88 billion, whether through cash, a letter of credit, or a surety bond. It would be extremely disruptive to the WGAW's operations to raise funds sufficient to collateralize or satisfy a bond in this amount, particularly on a compressed timeline.

6. The WGAW's reserve funds and operating budget support a range of functions core to the WGAW's mission and to its members' livelihoods. These operations include negotiating

and enforcing collective bargaining agreements; grievance representation; health and pension fund advocacy; strike preparedness; legislative and regulatory advocacy; and other support for members. Diverting a material portion of the WGAW's assets to satisfy a bond obligation above a nominal amount would require the WGAW to curtail these functions, to the direct detriment of the WGAW's membership and its public mission.

7. A bond obligation of the size and nature Paramount requests would also directly impair the WGAW's ability to continue to litigate this action. The WGAW has filed this litigation because its members' interests are directly at stake with the proposed merger. A bond requirement substantially above a nominal amount would threaten the WGAW's operating reserves. This would force the WGAW to choose between diverting its limited funds needed for its ongoing public interest operations in support of the WGAW membership, curtailing the WGAW's litigation of this action, or some combination of both. None of these outcomes serves the interests of the WGAW's membership or the public.

8. The WGAW has no capacity to absorb a bond obligation of the magnitude requested without impairing its core operations and its ability to prosecute this case. A bond in the amount Paramount has requested, or any amount significantly greater than a nominal amount, would functionally price the WGAW out of continuing to litigate this action, notwithstanding the merits of its claims.

I, Michele Mulroney, declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 31st day of August 2026.

*/s/ Michele Mulroney*

Michele Mulroney

**FILER'S ATTESTATION**

I, David Brownstein, am the ECF User whose ID and password are being used to file this supporting Declaration. In compliance with Civil Local Rule 5-1(i), I hereby attest that concurrence in the filing of this document has been obtained from each of the other signatories.

By: *<u>/s/ David Brownstein</u>*
David Brownstein