Marguerite Sullivan (*pro hac vice*)
Anna Rathbun (SBN 273787)
Christopher J. Brown (*pro hac vice*)
**LATHAM & WATKINS LLP**
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
marguerite.sullivan@lw.com
anna.rathbun@lw.com
christopher.brown@lw.com

Danielle R. Sassoon (*pro hac vice*)
Philip Hammersley (*pro hac vice*)
**CLEMENT & MURPHY, PLLC**
706 Duke Street
Alexandria, VA 22314
Telephone: (202) 742-8900
danielle.sassoon@clementmurphy.com
philip.hammersley@clementmurphy.com

[additional counsel on signature page]
*Attorneys for Defendant Paramount Skydance Corporation*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

THE STATE OF CALIFORNIA, et al.,

Plaintiffs,

v.

PARAMOUNT SKYDANCE CORPORATION, et al.,

Defendants.

---

WRITERS GUILD OF AMERICA, WEST, INC., et al.,

Plaintiffs,

v.

PARAMOUNT SKYDANCE CORPORATION, et al.,

Defendants.

---

Case No. 4:26-cv-07116-AMO
Case No. 4:26-cv-07212-AMO

**REPLY IN SUPPORT OF PARAMOUNT'S MOTION TO MODIFY THE STIPULATION AND ORDER NOT TO CLOSE TO REQUIRE BOND**

**TABLE OF CONTENTS**

TABLE OF CONTENTS .......... I
TABLE OF AUTHORITIES .......... II
ARGUMENT .......... 1
CONCLUSION .......... 3

# TABLE OF AUTHORITIES

## Cases

*A&M Records v. Napster, Inc.*, 239 F.3d 1004 (9th Cir. 2001) .................... 3

*Habitat Educ. Ctr. v. U.S. Forest Serv.*, 607 F.3d 453 (7th Cir. 2010) .................... 1

*Sprint Commc'ns Co. L.P. v. CAT Commc'ns Int'l, Inc.*, 335 F.3d 235 (3d Cir. 2003) .................... 3

## Statutes

15 U.S.C. §26 .................... 1

## Other Authorities

Opp., *William Morris Endeavor Ent., LLC v. Writers Guild of Am., W., Inc.*, No. 19-cv-5465 (C.D. Cal. Dec. 4, 2020), Dkt.176 .................... 1

## ARGUMENT

The Writers Guild of America, West, Inc. and the Writers Guild of America, East, Inc. (collectively, "WGA") adopt the arguments raised by the states in opposition to Paramount Skydance Corporation's motion for bond. Dkt.96 ("WGA Opp.") at 1-2; *see also* Dkt.95 (filing the states' opposition onto the WGA docket) ("Supp.Opp."). Its opposition accordingly fails for the same reasons as the states'. *See* No.4:26-cv-7116, Dkt.220.

Moreover, WGA's additional arguments in opposition to the bond motion, *see* WGA Opp., confirm rather than rebut the need for meaningful bond. To start, the WGA's professed agreement with the states' argument that courts can waive bond under the Clayton Act, or at minimum require merely a nominal bond, *see* Supp.Opp.10-13, is ironic given the WGA's recent litigating positions. When the WGA was a defendant in a Clayton Act case, it (correctly) argued that "the Clayton Act … makes a bond mandatory: 'a preliminary injunction may issue' 'upon the execution of proper bond against damages for an injunction improvidently granted.'" Opp.50, *William Morris Endeavor Ent., LLC v. Writers Guild of Am., W., Inc.*, No. 19-cv-5465 (C.D. Cal. Dec. 4, 2020), Dkt.176 (quoting 15 U.S.C. §26). Not only that, the WGA insisted that the Clayton Act requires a "very substantial bond"—not nominal—because of the "significant" financial harm that would befall the guilds if preliminary relief were granted. *Id.* The Court should not adopt WGA's apparent view that the Clayton Act creates "rules for thee, but not for me." Section 16's meaning does not change based on which side of the "v." the WGA happens to occupy. If the threat of "significant" financial harm required a "very substantial bond" when the WGA faced an injunction, *id.*, Paramount's undisputed $1.88 billion potential injury likewise requires a commensurate bond. *See* No.4:26-cv-7116, Dkt.220 at 14.

That double standard aside, the WGA's remaining arguments lack merit. The WGA asks the Court to waive bond because the organization "exists to advance the public interest," WGA Opp.2, but neither the Clayton Act nor Rule 65 provides an exception to the bond requirement for public-interest-oriented nonprofits. *But see Habitat Educ. Ctr. v. U.S. Forest Serv.*, 607 F.3d 453, 459-60 (7th Cir. 2010) ("The language of Rule 65(c) provides no support for a blanket exemption

of nonprofit entities.”). Although some courts have waived the bond requirement when the *lawsuit* was brought to advance public interests, *see* No.4:26-cv-7116, Dkt.220 at 12-13, the WGA never claims that its lawsuit seeks to vindicate the public interest. For good reason. Its complaint asserts financial harm to the WGA through diminished dues and reduced bargaining leverage, *see* Dkt.1 ¶¶218-21—in other words, the WGA relies on threatened financial harm when it helps the organization establish standing, while disclaiming that economic self-interest when the Court must determine who bears the risk of interim relief. The WGA cannot have it both ways. Nor has the organization explained how protecting its own members from competitive pressure or improving compensation for writers serves the broader public interest. Insofar as the WGA *does* attempt to don the mantle of safeguarding the public interest, that is hard to take seriously. Antitrust regulatory bodies representing 68 jurisdictions around the globe and the United States (along with 38 states) have approved or refused to challenge the transaction. *See* Dkt.89 at 1. The entities actually entrusted by legislatures around the world to protect the public interest have thus spoken decisively in Paramount’s favor. The WGA represents the interests of its members, not of the public at large.

The WGA’s specious assertion (at WGA Opp.2) that it cannot afford to post anything other than a nominal bond is legally irrelevant and unsupported by the record in all events. The Clayton Act does not create an exception to the bond requirement for cases where the plaintiffs protest that they cannot collateralize the amount of financial injury their requested injunction would inflict. Congress struck a different balance. On the one hand, Section 16 permits private antitrust litigation despite federal regulatory approval. On the other, Congress made clear that private litigants cannot arrest a merger that is otherwise poised to close without bearing the potential financial risk associated with the improvident injunction of a merger. Congress specifically exempted the federal antitrust authorities from the bond requirement that otherwise expressly applies to all private litigants without exception. That alone provides reason enough to reject the WGA’s argument. That is especially true here, where the WGA is piggybacking on an existing antitrust lawsuit under the Clayton Act that will already subject the merger to judicial review.

Even if such an exception somehow existed, this is not the case where it would apply. The guilds do not dispute that they have over $80 million in cash or other investments on hand or could finance a bond. *See* Dkt.89 at 15. Thus, they have ample resources to post more than a nominal bond of $10,000. The WGA's declarations do not state to the contrary; they simply assert that the organization could not afford paying "any amount *significantly greate*r than a nominal amount," Dkt.96-1 at 3; Dkt.96-2 at 3 (emphasis added), without explaining in any further detail what amount that would be. Even if the Court considers WGA's financial condition relevant, the Court must do more than take WGA's word for it that anything above $10,000 is too much, especially when its tax filings show otherwise. *See* Dkt.89 at 15. Were WGA's argument accepted, any private plaintiff claiming indigence would have license to block a merger without putting up an adequate bond, end running the scheme Congress devised.

Finally, the WGA's citations to *A&M Records v. Napster, Inc.*, 239 F.3d 1004, 1028 (9th Cir. 2001), and *Sprint Commc'ns Co. L.P. v. CAT Commc'ns Int'l, Inc.*, 335 F.3d 235, 241 (3d Cir. 2003), are neither here nor there. *Napster* cautions against "dramatically rais[ing] bond amounts *on appeal*," 239 F.3d at 1028—language that WGA selectively omits from its quotation. That concern is irrelevant here because this case remains in the district court, and this Court has not yet exercised its discretion to decide the appropriate bond amount for the No-Close Order. *Sprint Communications* is likewise distinguishable because it considered whether "a district court may retroactively increase a bond amount" *after* the Court has already determined that the defendant has been wrongfully enjoined, "in order to cover the asserted costs and damages incurred by the enjoined party." 335 F.3d at 239. The concern that a "retroactive increase subjects the successful applicant [for an injunction] to an unexpected and unanticipated liability" does not apply where, as here, the applicant still has an opportunity to "decide[] whether to accept the preliminary relief by posting the bond or to withdraw its request" if it does not "want[] to expose itself to liability up to the bond amount." *Id.* at 240-41.

**CONCLUSION**

For the foregoing reasons, the Court should grant the motion.

Dated: September 8, 2026

Respectfully submitted,

*/s/ Danielle R. Sassoon*

Marguerite Sullivan (*pro hac vice*)
Anna Rathbun (SBN 273787)
Christopher J. Brown (*pro hac vice*)
**LATHAM & WATKINS LLP**
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
marguerite.sullivan@lw.com
anna.rathbun@lw.com
christopher.brown@lw.com

Jeffrey L. Kessler (*pro hac vice*)
**WINSTON TAYLOR LLP**
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-4698
Facsimile: (212) 294-4700
jeffrey.kessler@winstontaylor.com

Jeanifer E. Parsigian (SBN 289001)
Matthew R. DalSanto (SBN 282458)
**WINSTON TAYLOR LLP**
101 California Street, 21st Floor
San Francisco, CA 94111-5891
Telephone: (415) 591-1469
Facsimile: (415) 591-1400
jeanifer.parsigian@winstontaylor.com
matthew.dalsanto@winstontaylor.com

Danielle R. Sassoon (*pro hac vice*)
Philip Hammersley (*pro hac vice*)
**CLEMENT & MURPHY, PLLC**
706 Duke Street
Alexandria, VA 22314
Telephone: (202) 742-8900
danielle.sassoon@clementmurphy.com
philip.hammersley@clementmurphy.com

Conor A. Reidy (*pro hac vice*)
Kevin B. Goldstein (*pro hac vice*)
**WINSTON TAYLOR LLP**
300 N. LaSalle Drive
Chicago, IL 60654-3406
Telephone: (312) 558-7542
Facsimile: (312) 558-5700
conor.reidy@winstontaylor.com
kevin.goldstein@winstontaylor.com

Matthew R. Huppert (*pro hac vice*)
**WINSTON TAYLOR LLP**
1901 L Street NW
Washington, DC 20036-3506
Telephone: (202) 282-5004
Facsimile: (202) 282-5100
matt.huppert@winstontaylor.com

*Attorneys for Defendant Paramount Skydance Corporation*